UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERINNA R. MCKISSICK-JOHNSON,

       Plaintiff,

                                                  Case No. 13-cv-13310
v.                                        Honorable Thomas L. Ludington

WAYNE COUNTY, Office of the Prosecuting
Attorney,

       Defendant.

_____ /

## OPINION AND ORDER ADOPTING JUDGE BINDER'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING COMPLAINT

On August 1, 2013, Plaintiff Erinna McKissick-Johnson filed a complaint against Wayne County alleging that the Office of the Prosecutor refused to answer Freedom of Information Act requests concerning Delrico Taylor, Lester Benford, and Robert T. Hinds. With these requests, McKissick-Johnson believes she will obtain information that is "essential to proving the innocence of a young man who is currently serving a jail sentence for a crime he didn't commit." Compl. 3, ECF No. 1. The Office of the Prosecutor denied the three requests approximately one month later, citing Mich. Comp. Law § 15.243(b). The Office of the Prosecurtor further claimed that it was unable to locate the records regarding Mr. Hinds. Proceeding *pro se*, McKissick-Johnson sought $1,500 in punitive damages as well as a court order compelling the Office of the Prosecutor to release the information requested.

The Court referred the case to Magistrate Judge Binder, who granted McKissick-Johnson's application to proceed *in forma pauperis* on August 15, 2013. ECF No. 4. Judge

Binder then screened the *pro se* complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), which requires a court to review all complaints where the plaintiff is proceeding *in forma pauperis* and *sua sponte* dismiss a case before service of process if it determines the action fails to state a claim upon which relief can be granted. In his report and recommendation, Judge Binder suggested that McKissick-Johnson had failed to state a claim because the federal Freedom of Information Act does not apply to state governments or agencies, such as the Wayne County Office of the Prosecutor. Report and Recommendation 3, ECF No. 5. In the alternative, Judge Binder suggests that dismissal is appropriate because McKissick-Johnson does not allege that she had exhausted her administrative remedies before filing suit in federal court. Report 4. McKissick-Johnson timely filed her objection to Judge Binder's report and recommendation on September 4, 2013. ECF No. 6.

**I**

The Court makes a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*. 474 U.S. 140, 149-52 (1985). A party must file specific objections to the report or the party's right to further review will be waived. *Thomas*, 474 U.S. at 151. Moreover, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (citations omitted).

McKissick-Johnson makes only one objection to Judge Binder's report and recommendation: she "soundly object[s] to your recommendation that the case be dismissed." Her objection thus reiterates her general disagreement with Judge Binder's conclusions.

An objection that does nothing more than state a disagreement with a magistrate's suggested resolution is not an "objection" as that term is used in the context of Federal Rule of Civil Procedure 72. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "A general objection to the magistrate's report has the same effect as a failure to object." *Id*. At 747-48. McKissick-Johnson has not proffered sufficient evidence from which the Court must conclude, as a matter of law, that her case should not be dismissed *sua sponte* for failure to state a claim on which relief can be granted. Accordingly, McKissick-Johnson's objection is overruled.

After stating her general objection to Judge Binder's report and recommendation, McKissick-Johnson then provides "an in-depth account of the events" and asks the Court's permission to amend her complaint to reflect that she is bringing a cause of action under state law. Objection 1, ECF No. 6. If the Court granted McKissick-Johnson's request to amend the complaint, however, the Court would not have subject matter jurisdiction over her claim. Currently, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because McKissick-Johnson's complaint asserted a claim under the federal Freedom of Information Act. If McKissick-Johnson amended her complaint to allege a claim under state law, then the Court would have neither federal question jurisdiction nor diversity of citizenship jurisdiction. Divested of subject matter jurisdiction, the Court would be forced to dismiss McKissick-Johnson's claim. Therefore, permitting McKissick-Johnson to amend her complaint to assert a claim under state law would be pointless.

**II**

Accordingly, it is **ORDERED** that Judge Binder's report (ECF No. 5) is **ADOPTED**.

It is further **ORDERED** that Plaintiff's objection (ECF No. 6) is **OVERRULED**.

-4-

It is further **ORDERED** that the Plaintiff's complaint (ECF No. 1) is **DISMISSED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 20, 2013

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon Erinna R. McKissick-Johnson, at 3325 Court Street, Saginaw, Michigan 48602 by first class U.S. mail on September 20, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS

---